**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CASE NO. 4:09-CV-126-FL**

| | |
|---|---|
| **DR. ELIZABETH GAIL MARSAL,** | |
| **Plaintiff,** | **ANSWER OF DEFENDANTS** |
| **v.** | |
| **EAST CAROLINA UNIVERSITY, a constituent institution of the UNIVERSITY OF NORTH CAROLINA, DR. JAMES F. ANDERSON, in his individual capacity and official capacity, DR. MADHAVA BODAPATI, in his individual and official capacity, DR. MARGIE GALLAGHER, in her individual and official capacity, DR. MARILYN SHEERER, in her individual and official capacity, DR. STEVE BALLARD, in his individual and official capacity,** | |
| Defendants. | |

Defendants East Carolina University ("ECU"), Chancellor Steve Ballard, Dr. James F. Anderson, Dr. Madhava Bodapati, Dr. Margie Gallagher, and Dr. Marilyn Sheerer hereby respond to Plaintiff's Complaint, as follows:

**FIRST DEFENSE**

**I.  NATURE OF THE ACTION**

1.    The allegations in paragraph 1 state legal conclusions or assertions, which Defendants are not required to admit or deny; to the extent that Defendants are required to

respond to such allegations, the Defendants admit that the Complaint purports to plead federal questions.

## II. JURISDICTION AND VENUE

2.      The allegations in paragraph 2 state a legal conclusion or assertion, which Defendants are not required to admit or deny; to the extent that the Court deems that Defendants are required to respond, the Defendants deny that the Court has jurisdiction over these claims to the extent that Plaintiff has failed to exhaust her administrative remedies as required by federal law or that Plaintiff's claims are untimely to the extent those claims rely on events that occurred more than 180 days prior to the filing of her charge with the EEOC or that she has failed to file this action within ninety days of receipt of the EEOC Right-to-Sue letter.

3.      The allegations in paragraph 3 state a legal conclusion or assertion, which Defendants are not required to admit or deny; to the extent that the Court deems that Defendants are required to respond, the Defendants admit that venue is proper in this judicial district.

4.      Defendants admit that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and that on 23 April 2009 the EEOC sent a Notice of Right to Sue letter to Plaintiff via U.S. mail.  Except as admitted, the allegations in paragraph 4 are denied.

## III. PARTIES

5.      The allegations in paragraph 5 are admitted.

6.      The allegations in paragraph 6 are admitted.

7.      The allegations in paragraph 7 are admitted.

8.      The allegations in paragraph 8 are admitted.

9.      Defendants admit that Margie Gallagher is a citizen and resident of Pitt County

North Carolina and was the acting Dean of the College of Human Ecology at ECU in 2005-06

and the interim Dean of the College of Human Ecology at ECU between July 2007 and January

2009.  Except as admitted, the allegations in paragraph 9 are denied.

10.     The allegations in paragraph 10 are admitted.

11.     The allegations in paragraph 11 are admitted.

## IV.  FACTUAL BACKGROUND

12.     Defendants admit that Plaintiff began employment as an Instructor in the School

of Social Work and Criminal Justice Studies at ECU, effective 13 August 2001 and that,

effective 25 August 2003, she was promoted to the rank of Assistant Professor while holding a

tenure-track appointment in the same department.  Defendants admit that Plaintiff holds a Ph.D.

in Human Services with a concentration in Criminal Justice.  Defendants further admit that, as

required by the University, Plaintiff engaged in scholarly research, that Plaintiff, at times,

received satisfactory evaluations of her teaching performance, and that Plaintiff received

satisfactory evaluations of her service to the department, university, and community.  Except as

admitted, the allegations in paragraph 12 are denied.

13.     Defendants admit that Plaintiff received an annual evaluation at the end of each

academic year of her tenure track which was completed by the Chair of her department.  As to

the content of her evaluations, each document speaks for itself.  Except as admitted, the

allegations in paragraph 13 are denied.

14.     Defendants admit that Plaintiff received "progress toward tenure" letters prepared by the department's Tenure and Promotion Committee in consultation with the department chair. As to the contents of each of these letters, each document speaks for itself. Defendants further admit that Plaintiff served as interim chair of the department during the 2004-05 academic year. Except to the extent it is noted in a specific document, Defendants lack sufficient information to form a belief as to what the Dean of the College may have said about any effect Plaintiff's administrative capacity may or may not have had on her progress toward tenure. Defendants further admit that Dr. Anderson, as department chair, wrote an annual evaluation of Plaintiff for the 2005-06 academic year. As to the contents of this evaluation, the document speaks for itself. Except as admitted, the allegations in paragraph 14 are denied.

15.     Defendants admit that Plaintiff received an evaluation from Dr. Anderson for the 2006-07 academic year. As to the contents of this evaluation, the document speaks for itself. Except as admitted, the allegations in paragraph 15 are denied.

16.     Defendants admit that Plaintiff received a Progress toward Tenure Letter on or about 1 May 2007, from Dr. Anderson and the department tenure and promotion committee. As to the contents of this letter, the document speaks for itself. Except as admitted, the allegations in paragraph 16 are denied.

17.     Defendants admit that Plaintiff sent Dr. Anderson and Dr. Gallagher an e-mail message notifying them that she was pregnant and that she intended to request medical leave for the fall semester, pursuant to the Family Medical Leave Act. Defendants further admit that the e-mail message speaks for itself as to its content; Defendants do note, however, that Plaintiff's

message indicated that she understood that the process regarding her tenure decision would proceed even during her FMLA leave and that she intended to complete her Personnel Action Dossier (PAD) over the summer and submit it in the fall of 2007. Except as admitted, the allegations in paragraph 17 are denied.

18.     Defendants admit that on or about 20 June 2007 the University Provost approved Plaintiff's request for leave beginning 20 August 2007, which was the start date of the Fall 2007 academic semester. Except as admitted, the allegations in paragraph 18 are denied.

19.     Defendants admit that The Code of the Board of Governors of The University of North Carolina, the East Carolina University Faculty Manual and University policies govern the principles and procedures for faculty personnel decisions regarding tenure. As to the contents of these policies or documents, the policies or documents speak for themselves. Defendants admit that Plaintiff delivered her Personnel Action Dossier (PAD) to the Department of Criminal Justice on or about 31 August 2007. Defendants note that Plaintiff chose to submit her PAD after approval of her leave under the FMLA. Except as admitted, the allegations in paragraph 19 are denied.

20.     There is no paragraph 20 in the Complaint; accordingly, no response is required.

21.     Defendants admit that pursuant to University policy Dr. Anderson and the other department Promotion and Tenure committee members collectively chose scholarly research articles to submit the external reviewers. Except as admitted, Defendants deny the allegations in paragraph 21.

22.     Defendants admit that pursuant to University policy and procedure that Dr.

Bodapati asked Plaintiff to supply additional documents to the committee for their review. Except as admitted, the allegations in paragraph 22 are denied.

23.     The allegations in paragraph 23 are admitted upon information and belief.

24.     Defendants admit that the department Tenure and Promotion committee, in a 2 to 1 vote, forwarded a recommendation in favor of promotion and tenure on 9 October 2007. Except as admitted, the allegations in paragraph 24 are denied.

25.     There is no paragraph 25 in the Complaint; accordingly, no response is required.

26.     Defendants admit that Dr. Bodapati notified Plaintiff that the Tenure and Promotion Committee vote was two votes in favor and one vote against recommending tenure and promotion.  Defendants admit that Dr. Bodapati was the dissenting vote.  Except as admitted, the allegations in paragraph 26 are denied.

27.     The allegations in paragraph 27 are admitted.

28.     Defendants admit that based on their understanding of University policy, neither Dr. Anderson nor Dr. Bodapati initially informed Plaintiff that each had written cumulative summaries explaining their votes against a recommendation for tenure and promotion. Defendants admit that Dr. Anderson provided copies of the committee's report, including any attachments, and his cumulative summary to Dr. Gallagher.  Except as admitted, the allegations in paragraph 28 are denied.

29.     Defendants admit that Dr. Anderson informed Plaintiff that his cumulative summary was available for her review on or about 13 November 2007.  Except as admitted, the allegations in paragraph 29 are denied.

30.    Defendants admit that Dr. Gallagher brought the Promotion and Tenure Committee's cumulative summary and the department chair's cumulative summary to Plaintiff's home so that Plaintiff had the option to respond as is allowed by the faculty manual.  The Promotion and Tenure Committee cumulative summary and the department chair's cumulative summary speak for themselves as to their contents and their length.  Except as admitted, the allegations in paragraph 30 are denied.

31.    The Promotion and Tenure Committee cumulative summary and the department chair's cumulative summary speak for themselves as to their contents.  Defendants specifically note that Dr. Anderson, Dr. Bodaparti, and all other Defendants evaluated Plaintiff's qualifications for promotion and tenure on the basis of the criteria set forth by University and The Code of The University of North Carolina and each individual's professional judgment.  Defendants specifically deny Plaintiff's accusation that their evaluations lack any factual basis.  Except as admitted, the allegations in paragraph 31 are denied.

32.    Defendants admit that Dr. Gallagher informed Plaintiff that she could respond to the cumulative summaries, if she wished.  Defendants further admit that when Plaintiff asked Dr. Gallagher's advice, Dr. Gallagher responded that if Plaintiff was going to respond she should "write the best reply that she could possibly write addressing each allegation."  Defendants also admit that Dr. Gallagher told Plaintiff that Plaintiff could request to halt the tenure process if she did not want to continue.  Defendants deny that Dr. Gallagher told Plaintiff that she had to pick any particular option or that Plaintiff was required to respond to the cumulative summaries.  Except as admitted, the allegations in paragraph 32 are denied.

33.     Defendants admit that Dr. Gallagher provided Plaintiff a statement asking

Plaintiff if she wanted to continue the tenure review process, and that Plaintiff indicated that she

wished to continue.  Except as admitted, the allegations in paragraph 33 are denied.

34.     The allegations in paragraph 34 are denied.

35.     Defendants admit that Dr. Gallagher, Dr. Sheerer, and Chancellor

Ballard reviewed the contents of Plaintiff's PAD, as well as The Promotion and Tenure

Committee cumulative summary and the department chair's cumulative summary, and the

recommendations of each preceding reviewer prior to each rendering a decision in accordance

with University policy.  Defendants evaluated Plaintiff's qualifications for promotion and tenure

on the basis of the criteria set forth by University and The Code of The University of North

Carolina and each individual's professional judgment.  Except as admitted, the allegations in

paragraph 35 are denied.

36.     Defendants admit that The Code of the Board of Governors of The University of

North Carolina, the East Carolina University Faculty Manual and University policies govern the

principles and procedures for faculty personnel decisions regarding tenure.   As to the contents of

Appendix D of the faculty manual, the document, to the extent admissible into evidence, speaks

for itself.  Except as admitted, the allegations in paragraph 36 are denied.

37.     Defendants deny the allegations in paragraph 37.

## IV. (sic) CLAIMS FOR RELIEF

38.      The allegations of paragraphs 1 through 37 of the Complaint are admitted or

denied in paragraphs 1 through 37 of Defendants' Answer and those responses are realleged as if

fully set forth here.

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     The allegations of paragraphs 1 through 41 of the Complaint are admitted or denied in paragraphs 1 through 41 of Defendants' Answer and those responses are realleged as if fully set forth here.

43.     Defendants deny the allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52.

53.     The allegations of paragraphs 1 through 52 of the Complaint are admitted or denied in paragraphs 1 through 52 of Defendants' Answer and those responses are realleged as if fully set forth here.

54.     Defendants admit that the Family Medical Leave Act speaks for itself as to its

contents and requirements.  Except as admitted, Defendants deny the allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants deny the allegations in paragraph 56.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.  Therefore, the Complaint should be dismissed pursuant to Rule 12(b)(6).

## THIRD DEFENSE

The employment practices of the Defendants relating to Plaintiff have been conducted in all respects in accordance with applicable state and federal law and in good faith.

## FOURTH DEFENSE

Some of the Defendants are named strictly in their administrative or supervisory capacities or pursuant to vicarious liability only.  No direct participation or ratification in the acts or omissions of which Plaintiff complains is alleged or shown.  In addition, the doctrine of respondeat superior does not state a claim under 42 § U.S.C. 1983 cases.

## FIFTH DEFENSE

Defendants did not violate any clearly established right enjoyed by Plaintiff under the Constitution and laws of the United States, and therefore these Defendants in their individual capacities are entitled to qualified immunity from suit herein.

## SIXTH DEFENSE

Plaintiff's Title VII claims are untimely to the extent those claims rely on events that occurred more than 180 days prior to the filing of his charge with the EEOC.

## SEVENTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's federal law claims or Plaintiff has failed to state a claim to the extent the complaint was filed later than 90 days after Plaintiff's receipt of a Notice of Right to Sue from the EEOC

## EIGHTH DEFENSE

The Court lacks subject matter jurisdiction over plaintiff's federal law claims for her failure to exhaust her administrative remedies

## NINTH DEFENSE

Plaintiff's claims contained in the Complaint are barred to the extent they rely on events outside the applicable statutes of limitations.

## TENTH DEFENSE

Defendants, in their individual capacities, are entitled to good faith immunity from liability for the imposition of punitive damages arising from Plaintiff's federal law claims.

**WHEREFORE**, Defendants pray that the Court:

1. Deny all relief requested in the complaint;

2. Dismiss the complaint in its entirety;

3. Tax all costs of this action and attorneys' fees against Plaintiff; and

4. Grant Defendants all other relief the Court considers appropriate.

Respectfully submitted, this the 22nd day of October 2009.

ROY COOPER
Attorney General

/s/ John P. Scherer II
John P. Scherer II
Assistant Attorney General
N.C. Bar No. 19259
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Tel:  (919) 716-6920
Fax: (919) 716-6764
E mail: jscherer@ncdoj.gov

**CERTIFICATE OF SERVICE**

I certify that the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** was electronically filed on 22 October 2009 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Mary-Ann Leon, attorney for Plaintiff, and I hereby certify that I have mailed the document to the following non CM/ECF participants: none.

This the 22nd day of October 2009.

ROY COOPER
Attorney General


/s/ John P. Scherer II_____
Assistant Attorney General
N.C. Bar No. 19259
Attorneys for Defendants
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
(919) 716-6920
E mail: jscherer@ncdoj.gov