IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:09-CV-126-FL

| | | |
|---|---|---|
| DR. ELIZABETH GAIL MARSAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EAST CAROLINA UNIVERSITY, a | ) | ORDER |
| constituent institution of the University of | ) | |
| North Carolina; DR. JAMES F. | ) | |
| ANDERSON, in his individual and official | ) | |
| capacity; DR. MADHAVA BODAPATI, in | ) | |
| his individual and official capacity; DR. | ) | |
| MARGIE GALLAGHER, in her individual | ) | |
| and official capacity; DR. MARILYN | ) | |
| SHEERER, in her individual and official | ) | |
| capacity; and DR. STEVE BALLARD, in | ) | |
| his individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

This matter came before the court for pretrial conference before the undersigned. At conference, numerous matters were taken up and addressed, including plaintiff's second motion in limine to exclude witnesses (DE # 109), upon which the court now on further reflection has cause to provide further ruling.

As noted on the record, plaintiff's motion sought the exclusion of various witnesses, three of which defendants now acknowledge they no longer intend to call.[1] In light of defendants' decision not to call these witnesses, plaintiff's motion is ALLOWED in part.

As to the two other witnesses, Judy Siguaw ("Siguaw") and John Kerbs ("Kerbs"), the court

---

[1] These include defendants' proposed witnesses Chris Locklear, Linda Ingalls, and Lee Ann Goff.

heard argument as to why these two witnesses should either be allowed to testify or excluded in light of defendants' failure to disclose them pursuant to Rule 26(a) and (e) and Rule 37 of the Federal Rules of Civil Procedure. In general, Rule 26(e) requires a party who has made a disclosure under Rule 26(a) - or who has responded to an interrogatory, request for production, or request for admission, to supplement or correct its disclosure or response if "the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Additionally, the case management order ("CMO") (DE # 29), provides that "supplementations served forty (40) days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment." (CMO 4.)

Rule 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. 37(c)(1). The rule further provides various sanctions available to the court. See Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 240 n.21 (M.D.N.C. 2010) (failure to supplement results in "automatic exclusion" of the information at issue). The CMO also notes that "seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial." (Id. (citing Fed. R. Civ. P. 37(c)(1)) (emphasis added).

At conference, the court engaged in lengthy discussion of defendants' failure to disclose either Siguaw or Kerbs. Defendants argued that briefing in support of their motion for summary

2

Case 4:09-cv-00126-FL   Document 128   Filed 01/18/12   Page 2 of 4

judgment, which included discussion of these individuals, was sufficient to provide plaintiff notice that they would be witnesses. Defendants' point is not well taken, as mention of an individual in briefing for motion for summary judgment or discussion of that individual does not ease the requirements of Rule 26. Defendants failed to demonstrate that failure to disclose was substantially justified. Plaintiff offered that allowing Sigauw and Kerbs to testify as witnesses would cause harm in that plaintiff has not had opportunity to depose these individuals.

For reasons noted on the record, the court allowed plaintiff's motion as to Sigauw, but reserved ruling as to Kerbs. Upon further reflection and further review of the parties' briefings, the court now DENIES plaintiff's motion as to Kerbs and will permit him to be called as witness. While defendants have provided no substantial justification for their failure to disclose Kerbs, defendants' response in opposition reveals that plaintiff herself referred to Kerbs in her own deposition as well as multiple times in her responses to discovery requests. The court cannot find that harm would accrue to allow Kerbs to testify as a witness where plaintiff initiated discussion of him throughout the discovery process on multiple occasions. As such, plaintiff's motion is DENIED in part, and Kerbs will be permitted to be called as a defense witness at trial.

Other matters were also taken up at conference. The court reminds the parties that it directed a Second Amended Pretrial Order to be filed no later than next **Tuesday, January 24, 2012,** which pretrial order shall memorialize decisions made at the pretrial conference and also shall highlight evidence sought to be presented on which the court reserved ruling. Highlighting this evidence shall serve as a prompt reminder to the court at trial.

Special request also was made for the court to consider the deposition testimony of Dr. Greene, where plaintiff plans to direct a videographer to manipulate portions of the video deposition to conform to the court's rulings on defendants' objections to portions of the same. Plaintiff

3

tendered to the court a highlighted copy of Greene's deposition transcript, with highlighted portions indicating defendants' objections.[2] The court has had opportunity to review defendants' objections and finds that with the exception of three, all objections are overruled. Specific reference is made to the court's ruling on defendants' motion in limine with regard to Dr. Greene at conference January 17, 2012, the basis of which is memorialized on the record.

Three of defendants' objections, however are well taken, and the court sustains them. The first pertains to Greene's deposition testimony on page 102, lines 3 through 23. The court agrees with defendants that Greene's answer is nonresponsive. Further, Greene clearly indicates she does not personally know anything about the 2005 reappointment process and proceeds to offer answers to questions not asked. For these reasons, the objection is sustained.

The remaining objections to be sustained involve portions of Greene's deposition testimony where she compares plaintiff and Bodapati. These include page 134, line 4, through page 139, line 16, and page 148, line 21, through page 149, line 5. For the reasons set forth on the record, the court finds this comparison exceeds the scope of Greene's expert report, and plaintiff's failure to supplement the same, discussed at conference, merit exclusion of this particular testimony.

SO ORDERED, this the 18th day of January, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] Given the volume of material offered in the case and importance of ruling in advance on Greene's deposition testimony for the reasons noted above, the court now offers decision on issues regarding Greene's testimony subject to determination. At this juncture, due to the volume of material and the press of a busy civil and criminal docket, issues concerning Bodapati's deposition will be resolved during the course of trial.