IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-cv-00126-FL

| | |
|---|---|
| DR. ELIZABETH GAIL MARSAL, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER ON BILL OF COSTS** |
| EAST CAROLINA UNIVERSITY, *a constituent institution of the University of North Carolina*, DR. JAMES F. ANDERSON, *in his individual capacity and official capacity*, MADHAVA BODAPATI, *in his individual and official capacity*, DR. MARGIE GALLAGHER, *in his individual and official capacity*, DR. MARILYN SHEERER, *in her individual and official capacity*, and DR. STEVE BALLARD, *in his individual and official capacity*, | ) |
| Defendants. | ) |

This matter is before the undersigned on plaintiff's motion for costs [D.E. 147] and defendants' motion for costs [D.E. 151]. The issues have been fully briefed, and the matter is ripe for determination.

### BACKGROUND

On July 22, 2009, plaintiff filed a complaint with this court alleging that defendant East Carolina University ("ECU") discriminated against her on account of her sex, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., when it denied her tenure and terminated her employment. Plaintiff further alleged that ECU violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 et seq., by requiring her to work while on leave and basing its tenure decision in part on the quality of such work. Finally, plaintiff alleged that various ECU employees involved in the decision not to award her tenure, specifically defendants James F.

Anderson, Madhava Bodapati, Margie Gallagher, Marilyn Sheerer, and Steven Ballard, deprived her of her right to equal protection under the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

Following discovery, defendants moved for summary judgment as to all claims. The court granted defendants' motion as to plaintiff's § 1983 claims against individual defendants Bodapati, Gallagher, Sheerer, and Ballard. The court denied defendants' motion to dismiss the Title VII claims against ECU, denied defendants' motion to dismiss plaintiff's § 1983 claim against defendant Anderson, and ordered supplemental briefing on the FMLA claims against ECU. Defendants filed supplemental briefs, in which defendant ECU stated that it no longer believed it was entitled to summary judgment on plaintiff's FMLA claim based on the undisputed facts before the court. The court then denied as moot defendants' motion for summary judgment as to plaintiffs FMLA claim.

Trial commenced on January 24, 2012, and on February 1, 2012, the jury returned a verdict finding that (1) sex was a motivating factor in defendant ECU's decision to deny plaintiff tenure and promotion; (2) defendant ECU proved by a preponderance of the evidence that it would have denied plaintiff tenure and promotion even if it had not considered sex; (3) Dr. Anderson did not intentionally discriminate against plaintiff because of her sex when he decided not to recommend her for tenure and promotion; (4) the exercise of plaintiff's rights under the FMLA was a motivating factor in defendant ECU's decision to deny her tenure and promotion; and (6) that defendant ECU would have denied plaintiff tenure and promotion even if it had not considered her exercise of her FMLA rights. Based on these determinations, the jury awarded plaintiff no damages. Judgment was entered on February 17, 2012.

On February 15, 2012, plaintiff filed a motion for attorney's fees and costs, which defendants

2

opposed. The court determined that plaintiff was entitled to a partial award of attorney's fees in the amount of $50,205.98, which reflected a 50% downward adjustment from the requested fees. The court referred the portion of the motion seeking costs to the undersigned. On March 1, 2012, defendant filed its motion for costs, which has also been referred to the undersigned.

## DISCUSSION

The parties each seek costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 54.1 as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."). Federal courts may assess only those costs specified in 28 U.S.C. § 1920. See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987).

### I.     Plaintiff's Motion for Costs

Plaintiff seeks $5,793.02 in costs incurred between February 18, 2008 and August 14, 2012, the date defendants served an offer of judgment. Pl.'s Mot. for Fees and Costs ¶¶ 6-7 [D.E. 147]. The costs are comprised of $350.00 in clerk's costs, $90.00 in service costs, $1,977.65 in transcript costs, $492.01 in copy costs, $2,750.00 in expert costs, and $133.36 in postage and facsimile costs. Id. Ex. B [D.E. 147-2]. Defendant generally contends that plaintiff's Title VII claim does not merit a discretionary award of fees and costs, and that, alternatively, any award should be reduced significantly. Defs.' Resp. to Pl.'s Mot. at 3, 8 [D.E. 153].

The court has already determined that plaintiff is entitled to a partial award (50%) of attorney's fees based on her limited success regarding ECU's violation of Title VII and the FMLA. See August 10, 2012 Order at 10-11 [D.E. 159]. The court noted that "plaintiff's claims for sex

discrimination and discrimination under the FMLA were so closely related to her § 1983 claims and claims for damages that a parsing of attorney hours worked for the separate claims would be a guessing game, at best." Id. at 13. The same logic is applicable to plaintiff's request for costs. Accordingly, costs found to be appropriate under § 1920 will be reduced by fifty (50) percent.

### A. Fees of the Clerk

Plaintiff seeks $350.00 for the cost of filing this action. The prevailing party may recover fees of the clerk as taxable costs. See 28 U.S.C. § 1920(1). Accordingly, the $350.00 filing fee is an allowable cost.

### B. Fees for Service

Plaintiff seeks $90.00 for service of process fees paid to the county sheriff. The request consists of six service fees at $15.00 each. See Pl.'s Mot. for Fees and Costs Ex. B at 5-6. Fees of the marshal are expressly allowed as taxable costs. See 28 U.S.C. § 1920(1). "In making the fees of the Marshal taxable as costs in 28 U.S.C. § 1920, Congress exhibited an intent to make service of process a taxable item," and "[t]he federal rules now allow for the service of process in civil matters by methods other than the U.S. Marshal Service." Arista Records LLC v. Gaines, 635 F. Supp. 2d 414, 418-19 (E.D.N.C. 2009) (citations omitted). Accordingly, the $90.00 in service fees are allowable costs.

### C. Fees for Transcripts

Plaintiff seeks $1,977.65 in deposition transcript costs. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). Normally, multiple copies of deposition transcripts are not taxed. See Local Civil Rule 54.1(c)(2)(b); Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc., No. 5:06-CV-160-D, 2012 WL

776945, at *5 (E.D.N.C. Mar. 8, 2012) (disallowing costs for a copy of a deposition transcript in addition to the original). Here, the $150.00 appearance fee and $1,007.25 fee for the original transcript are allowable costs. However, the $820.40 in fees for exhibit copies, read and sign, a video recording, and a DVD copy are not allowable. See Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir. 1999) (concluding that absent a showing that both costs of transcribing and videotaping a deposition were necessary, and not merely convenient, only transcription costs are recoverable); Nwaebube v. Employment Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of deposition transcript exhibits). Accordingly, only $1,157.25 in transcript fees are allowable costs.

**D.  Copy Fees**

Plaintiff seeks $492.01 in copy costs. "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(4). "The concept of necessity for use in the case connotes something more than convenience . . . ." Har-Tzion v. Waves Surf & Sport, Inc., No. 7:08-CV-137-D, 2011 WL 3421323, at * 3 (E.D.N.C. Aug. 4, 2011) (quoting Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir.1999)). "Copying costs are allowable if used as court exhibits, or if furnished to the court or opposing counsel." PCS Phosphate Co., Inc. v. Norfolk S. Corp., No. 4:05-CV-55-D, 2008 WL 1901941, at *1 (E.D.N.C. Apr. 29, 2008) (citing Bd. of Dirs., Water's Edge v. Anden Group, 135 F.R.D. 129, 138-39 (E.D.Va. 1991)). The cost of copies made solely for the convenience of counsel are generally not taxable under § 1920(4). Fells v. Virginia Dept. of Transp., 605 F. Supp. 2d 740, 743 (E.D. Va. 2009) (citing Thomas v. Treasury Mgmt. Ass'n, Inc., 158 F.R.D. 364, 372 (D. Md. 1994)).

5

Plaintiff submitted a list of copy charges by date with a general description of the purpose of the copies, Pl.'s Mot. for Fees and Costs Ex. B at 14, which is sufficient to satisfy plaintiff's burden under § 1920(4). Accordingly, the $492.01 in copy fees are allowable costs.

### E. Fees for Experts

Plaintiff seeks $2,750.00 in expert witness fees. Fees for witnesses may be taxed as costs. See 28 U.S.C. § 1920(3). "A witness shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b); see also Ray Commc'ns, Inc. v. Clear Channel Commc'ns, No. 2:08-CV-24-BO, 2011 WL 3207805, at *4 (E.D.N.C. July 26, 2011). There is no provision in § 1920 for payment of expert fees above and beyond the standard witness fee set forth in 28 U.S.C. § 1821(b). See Silicon Knights, Inc. v. Epic Games, Inc., No. 5:07-CV-275-D, 2012 WL 6809721, at *14 (E.D.N.C. Nov. 7, 2012) (limiting expert witness fees to those allowed under § 1821(b)). Furthermore, plaintiff has provided no documentation from which it may be determined whether some portion of the $2,750.00 request is allowable. Accordingly, the $2,750.00 expert witness fee is disallowed.

### F. Fees for Postage and Facsimile

Plaintiff seeks $133.36 in postage and facsimile fees. There is no provision in § 1920 for such costs. See Hexion Specialty Chemicals, Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2012 WL 2458638, at *6 (E.D.N.C. June 27, 2012) (denying request for shipping and postage costs not recoverable under § 1920); Belk, Inc. v. Meyer Corp., U.S., No. 3:07-CV-168-DSC, 2010 WL 3474918, at *16 (W.D.N.C. Aug. 31, 2010) (declining to award costs for facsimile charges as outside the scope of § 1920). Accordingly, the $133.36 in postage and facsimile fees are disallowed.

In sum, of the $5,793.02 in costs requested by plaintiff, $2,089,26 are allowable costs

6

pursuant to § 1920. However, in conformity with the court's order of August 10, 2012, this amount will be reduced by fifty (50) percent in light of the interrelated nature of plaintiff's claims and her partial success. Accordingly, plaintiff is awarded $1,044.63 in costs.

## II.    Defendants' Motion for Costs

Defendant seeks $15,008.95 in costs comprised of $6,363.80 in transcript fees, $1,950.00 in expert fees, $4,992.65 in attorney travel fees, $1,417.50 in mediation fees, and $285.00 in video editing and postage fees. Defs.' Mot. for Costs ¶ 6 [D.E. 151]; Decl. of Anne W. Jenkins Ex. A [D.E. 151-2]. Plaintiff contends that defendants are entitled to recover only those costs enumerated in § 1920, and that any award should be reduced to reflect defendants' limited success. Pl.'s Mem. Opp'n Defs.' Mot. at 2, 5 [D.E. 154]. Plaintiff also contends that Rule 68 does not entitle defendants to recover costs for claims other than the Title VII claim. Id. at 6.

A significant portion of the costs sought by defendants are not allowable pursuant to § 1920, specifically the $1,950.00 in expert fees, $4,992.65 in attorney travel fees, $1,417.50 in mediation fees, and $285.00 in video deposition editing and postage fees. As explained above, there is no provision in § 1920 for payment of expert fees above and beyond the § 1821(b) standard witness fee. See Silicon Knights, 2012 WL 6809721, at *14. Likewise, § 1920 does not provide for payment of counsel's travel expenses or mediator fees and expenses. See AM Properties v. Town of Chapel Hill, 202 F. Supp. 2d 451, 455-56 (M.D.N.C. 2002) (concluding that travel expenses of counsel and mediator fees and expenses are not taxable costs). Finally, as explained above, absent a showing that both costs of transcribing and videotaping a deposition were necessary, and not merely convenient, only transcription costs are recoverable. See Nwaebube, 2012 WL 3643667, at *1. It follows that deposition video editing costs are allowable only upon a showing of necessity.

7

Further, postage fees for deposition transcripts are normally not allowable costs. See Mercer v. N. C. Dep't of Transp., No. 5:09-CV-379-FL, 2012 WL 3996844, at *1 (E.D.N.C. Sept. 7, 2012) (concluding that fees for postage or shipping of deposition transcripts not taxable costs). Accordingly, defendants' costs of $1,950.00 in expert fees, $4,992.65 in attorney travel fees, $1,417.50 in mediation fees, and $285.00 in video deposition editing and postage fees are disallowed.

Remaining is defendants' request for $6,363.80 in court reporter costs. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). Normally, multiple copies of deposition transcripts are not taxed. See Local Civil Rule 54.1(c)(2)(b); Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc., No. 5:06-CV-160-D, 2012 WL 776945, at *5 (E.D.N.C. Mar. 8, 2012) (disallowing costs for a copy of a deposition transcript in addition to the original). Defendants have not provided copies of the invoices associated with the court reporter fees requested, and what, if any, portion of the fees requested is allowable is indeterminable from the information provided. Accordingly, defendants' request for $6,363.80 in court reporter fees is denied without prejudice. A properly supported supplemental bill of costs for court reporter fees may be filed within 14 days, and a failure to do so will constitute a waiver of such costs. Plaintiff's contention that any award of costs to defendants should be reduced will be taken up upon consideration of any supplemental request filed by defendants.

## CONCLUSION

In summary, as the prevailing party and pursuant to 28 U.S.C. § 1920, plaintiff is awarded $1,044.63 in costs, which are taxed against defendant ECU and shall be included in the judgment. Defendants' request, as the prevailing party and pursuant to 28 U.S.C. § 1920, for $1,950.00 in

expert fees, $4,992.65 in attorney travel fees, $1,417.50 in mediation fees, and $285.00 in video deposition editing and postage fees is denied. Defendants request for $6,363.80 in court reporter fees is denied without prejudice to file a supplemental request within 14 days of the date of this order. All other requests not referenced in this summary are disallowed.

SO ORDERED. This 15th day of January, 2013.

*Julie A. Richards*
Julie A. Richards
Clerk of Court